UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSVALDO GINART MECIAS,

      Petitioner,

v.

Case No.:  2:26-cv-00621-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,

      Respondent.

_____/

## OPINION AND ORDER

Before the Court are petitioner Osvaldo Ginart Mecias's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Ginart Mecias is a native of Cuba who entered the United States on September 28, 2005.  U.S. Border Patrol issued Ginart Mecias a notice to appear and paroled him into the country.  An immigration judge ordered him removed on December 4, 2018.  Immigration and Customs Enforcement ("ICE") released Ginart Mecias under an order of supervision a few weeks later.  He complied with all terms of supervision, and he has no criminal history except an arrest for reckless driving on October 28, 2025.  ICE took custody of Ginart Mecias the next day and detained him at Alligator Alcatraz.  In January, ICE moved Ginart Mecias to Texas to attempt removal to Mexico.  The attempt was unsuccessful, and ICE moved Ginart Mecias back to Alligator Alcatraz.  Ginart

Mecias challenges the legality of his detention because removal is not significantly likely in the reasonably foreseeable future.

Before addressing the merits of Ginart Mecias's claim, the Court must address its jurisdiction. The government argues two sections of the INA strip the Court of jurisdiction over this action. They first point to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action

being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The government also raises the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9).  The zipper clause only applies to claims requesting review of a removal order.  *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Ginart Mecias does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order.  Nor does he ask the Court to review the removal order.  Rather, Ginart Mecias challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply.  *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review.").  A

decision in Ginart Mecias's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Ginart Mecias's petition is premature because he filed it before his current period of detention reached 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Ginart Mecias has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him to Cuba in 2018, no change in circumstances makes removal to Cuba more likely now, and a recent attempt at removal to Mexico was unsuccessful. The burden thus shifts to the

respondent.  The government makes a vague and conclusory claim that Ginart Mecias failed to comply with removal, but they provide no explanation or supporting evidence.  Nor do they present any evidence that another attempt at removal will likely be successful.

The Court finds no significant likelihood Ginart Mecias will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Ginart Mecias to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Osvaldo Ginart Mecias Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The government shall release Ginart Mecias within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his daughter Jessica Ginart Lopez when and where he can be collected.  She has provided the following phone number and email address: (786) 205-0872 and jessicaginart14@yahoo.com.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record